**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____     Chapter __**11**__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Republic National Distributing Company, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **RNDC of Nebraska** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **20-8742924** |

4. **Debtor's address**

**Principal place of business**

**4300 Wildwood Parkway**
Number          Street

**Suite 200**

**Atlanta**          **GA**     **30339**
City                State    Zip Code

**Cobb County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                    State    Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                    State    Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://rndc-usa.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor __Republic National Distributing Company, LLC__          Case number *(if known)* _____

Name

---

**7.   Describe debtor's business**

A.   *Check One:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

B.   *Check all that apply:*

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.   NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**424820 – Alcoholic beverages, wine, and distilled spirits**

---

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11.  *Check **all** that apply:*

☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐  A plan is being filed with this petition.

☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

---

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒  No
☐  Yes.

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 2

Debtor **Republic National Distributing Company, LLC**
Name

Case number *(if known)* _____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **Southern District of Texas** | When | **07/26/2026** MM / DD / YYYY |
| Case number, if known | _____ | | |

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____
City                          State        Zip Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
Contact name _____
Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| ☐ 200-999 | | |

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 3

Debtor   __Republic National Distributing Company, LLC__   Case number *(if known)*   _____
Name

| | | | | | |
|---|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion | | |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion | | |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | | |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion | | |

| | | | | | |
|---|---|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion | | |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion | | |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | | |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion | | |

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __07/26/2026__
MM/ DD / YYYY

✖   _/s/ John R. Castellano_          John R. Castellano
Signature of authorized representative of debtor       Printed name

Title   __Chief Restructuring Officer__

**18. Signature of attorney**

✖   _/s/ John F. Higgins_          Date   __07/26/2026__
Signature of attorney for debtor           MM/DD/YYYY

**John F. Higgins**
Printed name

**Porter Hedges LLP**
Firm name

**1000 Main Street, 36th Floor**
Number          Street

**Houston**          **Texas**     **77002**
City           State     ZIP Code

**(713) 226-6000**          **jhiggins@porterhedges.com**
Contact phone          Email address

**09597500**          **Texas**
Bar number          State

**Fill in this information to identify the case**:

United States Bankruptcy Court for the:

**Southern District of Texas**

(State)

Case number *(if known)*: _____   Chapter __11__

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Republic National Distributing Company, LLC.

- Republic National Distributing Company, LLC
- 8201 Associates, LLC
- K&L Beverage Company, LLC
- Republic National Distributing Company Michigan Holdings, LLC
- Republic National Distributing Company of North Dakota, Inc.
- Republic National Distributing Company, LLC[1]
- RNDC Alaska, LLC
- RNDC Arkansas, LLC
- RNDC Indiana Holdings, LLC
- RNDC New Hampshire, LLC
- RNDC Receivables, LLC
- RNDC Shared Services, LLC
- RNDC Texas, LLC
- WSJV Holdings, Inc.
- Young's Market Company of Arizona, LLC
- Young's Market Company of Oregon, LLC
- Young's Market Company of Washington, LLC
- Young's Market Company, LLC

---

[1]   This entity has the same name as the lead debtor.  For the avoidance of doubt, the lead debtor is incorporated in Delaware, and this entity is incorporated in Nebraska.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC,[1] | ) | Case No. 26-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**LIST OF EQUITY SECURITY HOLDERS[2]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Republic National Distributing Company, LLC | 4300 Wildwood Parkway, Suite 200 Atlanta, Georgia 30339 | 100% |

---

[1] This entity has the same name as the lead debtor.  For the avoidance of doubt, the lead debtor is incorporated in Delaware, and this entity is incorporated in Nebraska.

[2] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC,[1] | ) Case No. 26-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Republic National Distributing Company, LLC | 100% |

---

[1] This entity has the same name as the lead debtor. For the avoidance of doubt, the lead debtor is incorporated in Delaware, and this entity is incorporated in Nebraska.

**Fill in this information to identify the case:**

Debtor name: __Republic National Distributing Company, LLC__

United States Bankruptcy Court for the __Southern District of Texas__
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

Official Form 204

Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]         12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  PROXIMO SPIRITS 3 2ND ST JERSEY CITY, NJ 07311 | Attn: Juan Domingo Beckmann Title: Owner of Proximo Spirits and CEO of Becle Phone: 52 55 52587000 Email: jdbeckmann@cuervo.com.mx | Trade Debt / Litigation | C, U, D | | | $93,923,223 |
| 2  REYES HOLDINGS, L.L.C. 6250 NORTH RIVER ROAD ROSEMONT, ILLINOIS 60018 | Attn: Pete Swan Title: Controller Phone: 847-227-6500 Email: pswan@reyesholdings.com Attn: Brian D. Nalley Title: General Counsel Phone: 847-227-6500 Email: bnalley@reyesholdings.com | Contract Claim | C, U, D | | | Undetermined |
| 3  EMPOWER ANNUITY INSurance COMPANY OF AMERICA, AS PLAN ADMINISTRATOR  OF CERTAIN DEFERRED COMPENSATION PLANS 8515 EAST ORCHARD ROAD GREENWOOD VILLAGE, C0 80111 | Attn: Dana Persky Title: Sr Client Service Mgr - DB/NQ Phone: 913-664-1891 Email: dana.persky@empower.com Attn: Edward Homer Title: Managing Director Phone: 978-983-9482 Email: edward.homer@empower.com | Deferred Compensation | C | | | $62,400,000 |
| 4  WELLS FARGO BANK, NATIONAL ASSOCIATION, AS AGENT 1100 ABERNATHY ROAD, SUITE 1600, ATLANTA, GA 30328 | Attn: John Williammee, Jr. Title: Portfolio Manager Phone: 866-918-6213 Email: john.williammee@wellsfargo.com | Bank Debt | C, U, D | $224,947,167 | | Undetermined |
| 5  FIRST AMERICAN COMMERCIAL BANCORP, INC. 211 HIGH POINT DRIVE VICTOR, NY 14564 | Attn: Michael Clune Title: SVP, Director of Capital Markets Phone: 585-643-3371 Email: michael.clune@faef.com | Equipment Lease | | | | $47,216,781 |
| 6  DELICATO FAMILY WINES 600 SPRECKELS AVE MANTECA, CA 95336-6001 | Attn: Chris Indelicato Title: President/CEO Phone: 209-601-5100 Email: chris.indelicato@delicato.com | Trade Debt | | | | $14,433,431 |
| 7  PARK STREET IMPORTS LLC 7275 NW 1ST CT. UNIT 104 MIAMI, FL 33150 | Attn: Anthony Narula Title: Counsel Phone: 786-321-3811 Email: anthony@caldera.law | Litigation | C, U, D | | | $13,216,683 |
| 8  MERIDIAN PARK SOUTH BUILDING D, LLC 1156 NORTH MOUNTAIN AVENUE UPLAND, CA 91786 | Attn: Michael Bains Title: Controller Phone: 909-985-0971 Email: michael.bains@lewismc.com | Lease Rejection Damages | C | | | $10,216,091 |

---

[1]  On a consolidated basis.  The information herein shall not constitute an admission of liability by, nor is it binding on, and Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | YOUNG'S HOLDINGS, INC. 14402 FRANKLIN AVENUE TUSTIN, CA 92780 | Attn: Cassie Kelle Title: Vice President of Real Estate Phone: 619-489-5868 Email: cassiekelle@youngsholdings.com | Lease Rejection Damages | C | | | $7,012,674 |
| 10 | MISA IMPORTS 1502 VICEROY DR DALLAS, TX 75235-2304 | Attn: Cormac McCarthy Title: CEO Phone: 312-502-9240 Email: cormac@misaimports.com | Trade Debt | | | | $6,412,371 |
| 11 | EDRINGTON 150 5TH AVE 11TH FL NEW YORK, NY 10011-4347 | Attn: Mike Kastin Title: VP Commercial Phone: 646-345-9349 Email: michael.kastin@edrington.com | Trade Debt | | | | $5,638,056 |
| 12 | JACKSON FAMILY CLASSICSATTN: ZACK WHITE425 AVIATION BLVDSANTA ROSA, CA 95403 | Attn: Bridget DunhamTitle: Natl Accts Director, On PremPhone: 972-415-2188Email: bridget.dunham@jfwmail.com | Trade Debt | | | | $4,797,104 |
| 13 | ANHEUSER-BUSCH INC ONE BUSCH PL SAINT LOUIS, MO 63118 | Attn: Chris Merola Title: Sr. Director, Wholesaler M&A Phone: 774-444-3751 Email: christopher.merola@anheuser-busch.com | Trade Debt | | | | $4,735,781 |
| 14 | USLP TRACY IV, LP 601 S. FIGUEROA ST, 49TH FLOOR, LOS ANGELES, CA 90017 | Attn: Cathy Conner Title: Senior Real Estate Manager Phone: 408-438-7137 Email: cathy.conner@cbre.com | Lease Rejection Damages | C | | | $4,520,172 |
| 15 | J. LOHR 1000 LENZEN AVE SAN JOSE, CA 95126 | Attn: Jerry Lohr Title: Owner Phone: 408-288-5057 Email: jlohr@jlohr.com | Trade Debt | | | | $4,109,516 |
| 16 | INFORMATICA LLC PO BOX 49085 SAN JOSE, CA 95161-9085 | Attn: Kimberly Knight Title: Subscription Account Manager Phone: 512-850-8569 Email: kiknight@informatica.com | Trade Debt | | | | $4,108,668 |
| 17 | PERNOD RICARD 100 MANHATTANVILLE ROAD PURCHASE, NY 10577 | Attn: Conor McQuaid Title: CEO Phone: 972-764-7151 Email: conor.mcquaid@pernod-ricard.com | Trade Debt | | | | $4,074,763 |
| 18 | MARK CAWTHORN 1826 NE BROADWAY PORTLAND, OR 97323 | Attn: Rick Klingbeil PC Title: Counsel Phone: 503-490-6763 Email: rick@klingbeil-law.com | Litigation | C, U, D | | | $3,766,427 |
| 19 | CRIMSON WINE GROUP 2017 S UNIVERSITY DENVER, CO 80210 | Attn: Jennifer Locke Title: CEO Phone: 206-484-0800 Email: jen.locke@crimsonwinegroup.com | Trade Debt | | | | $3,594,840 |
| 20 | LUXCO INC. 5050 KEMPER AVE SAINT LOUIS, MO 63139-1106 | Attn: Ryan Earey Title: VP Sales Phone: 704-301-3984 Email: r.earey@luxco.com | Trade Debt | | | | $3,585,280 |
| 21 | ETHICA WINES 360 MILL RD EDISON, NJ 08817 | Attn: Francesco Ganz Title: Chief Executive Officer Phone: 858-877-8933 Email: francesco.ganz@ethicawines.com | Trade Debt | | | | $2,815,801 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | LONE STAR WINE & SPIRITS 12600 HILL COUNTRY BLVD STE R-275 AUSTIN, TX 78738 | Attn: Mike Morgan Title: President Phone: 952-210-2151 Email: mmorgan@prestigebevgroup.com | Trade Debt | | | | $2,416,411 |
| 23 | MPL BRANDS/PATCO BRANDS 71 LIBERTY SHIP WAY SAUSALITO, CA 94965 | Attn: Michael Patane Title: Owner Phone: 415-515-3536 Email: mpatane@mplbrands.com | Trade Debt | | | | $2,407,311 |
| 24 | BOGLE VINEYARDS INC 700 HANNA DR STE B AMERICAN CANYON, CA 94503-9681 | Attn: Warren Bogle Title: Owner/President Phone: 916-417-2345 Email: warren@boglewinery.com | Trade Debt | | | | $2,368,082 |
| 25 | KOBRAND-SPIRITS 1 MANHATTANVILLE RD PURCHASE, NY 10577-2128 | Attn: Marcelo Aguero Title: CEO Phone: 707-849-8585 Email: maguero@kobrand.com | Trade Debt | | | | $2,061,808 |
| 26 | E J GALLO 600 YOSEMITE BLVD MODESTO, CA 95354 | Attn: Ernest Gallo Title: President & CEO Phone: 209-341-6222 Email: ernest.gallo@ejgallo.com | Trade Debt | | | | $1,884,826 |
| 27 | VINEYARD BRANDS 875 HANNA DR ATTN WESTERN WINE SVCS AMERICAN CANYON, CA 94503-9606 | Attn: Patrick Bennett Title: President and CEO Phone: 908-812-1772 Email: pbennett@vineyardbrands.com | Trade Debt | | | | $1,841,243 |
| 28 | FREDERICK WILDMAN & SONS 111 BROADWAY STE 1102 NEW YORK, NY 10006 | Attn: Matt Munn Title: President, CEO Phone: 212-230-0901 Email: m.munn@frederickwildman.com | Trade Debt | | | | $1,686,672 |
| 29 | VJ HOLDINGS LLC / VJ 5100 FRANKLIN LLC 14402 FRANKLIN AVENUE TUSTIN, CA 92780 | Attn: David Solomon Title: President, Real Estate & Alternative Investments Phone: 800-574-7538 Email: davidsolomon@youngsholdings.com | Lease Rejection Damages | C | | | $1,659,405 |
| 30 | SCIND SAYBROOK POINT, LLC 11150 SANTA MONICA BOULEVARD, SUITE 700 LOS ANGELES, CA 90025 | Attn: Eric Stanley Title: Managing Partner Phone: 310-929-8088 Email: info@staleypoint.com | Lease Rejection Damages | C | | | $1,638,783 |

Fill in this information to identify the case and this filing:

Debtor Name **Republic National Distributing Company, LLC**

United States Bankruptcy Court for the: **Southern District of Texas**

(State)

Case number (If known):

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **07/26/2026**         ☒ */s/ John R. Castellano*
                    MM/ DD/YYYY                        Signature of individual signing on behalf of debtor

                                                       **John R. Castellano**
                                                       Printed name

                                                       **Chief Restructuring Officer**
                                                       Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

## OMNIBUS ACTION BY
## UNANIMOUS WRITTEN CONSENT OF THE
## BOARDS OF DIRECTORS, BOARDS OF MANAGERS,
## SOLE MANAGER, SOLE MEMBER, OR SOLE SHAREHOLDER, AS
## APPLICABLE, OF EACH OF THE ENTITIES LISTED ON SCHEDULE I HERETO

Dated as of July 26, 2026

The undersigned, being all of the members of the respective board of directors, board of managers, the sole manager, the sole member, sole shareholder, or other governing body (each, an "Authorizing Body," and collectively, the "Authorizing Bodies"), as applicable, of each company listed on **Schedule I** attached hereto (each, a "Company," and collectively, the "Companies"), hereby adopt and approve the following resolutions by written consent (this "Consent") in lieu of a meeting of their Authorized Bodies, pursuant to each Company's bylaws, limited liability company agreements, or similar governing document, as applicable (collectively, the "Governing Documents"), and the applicable laws of the jurisdiction in which each Company is organized or incorporated, as applicable. The Authorizing Bodies do hereby approve, consent to, and adopt the following recitals and resolutions with the same force and effect as if they had been adopted at a duly convened special meeting of each Authorizing Body.

**WHEREAS**, the Authorizing Body of each Company has reviewed and considered: (a) the filing of voluntary petitions for relief (collectively, the "Bankruptcy Petitions") for each Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") pursuant to the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized (the "Chapter 11 Filing"); (b) the debtor-in-possession financing facility contemplated in connection therewith; and (c) the retention of professionals by each Company;

**WHEREAS**, pursuant to that certain *Written Consent of the Managers of Republic National Distributing Company, LLC*, dated November 11, 2025 (the "November Consent") and that certain *Written Consent of the Managers of Republic National Distributing Company, LLC*, dated December 22, 2025 (the "December Consent"), the Authorizing Body of Republic National Distributing Company, LLC ("RNDC"), in an exercise of its business judgment, (a) appointed Charlie Piper, Scott Vogel, and John T. Young, Jr., respectively, as independent managers to the board of managers of RNDC and (b) established a special committee comprised of Mr. Piper, Mr. Vogel, and Mr. Young (the "RNDC Special Committee");

**WHEREAS**, pursuant to the *Written Consent of the Sole Member of RNDC Texas, LLC*, the *Written Consent of the Sole Member of 8201 Associates, LLC*, the *Written Consent of the Sole Member of Young's Market Company of Arizona, LLC*, and the *Written Consent of the Sole Member of Young's Market Company, LLC*, in each case, dated March 18, 2026 (collectively, the "March Consents," and each Company referenced therein, a "Subsidiary"), the Authorizing Body of each Subsidiary, in an exercise of its business judgment, (a) appointed Mr. Piper, Mr. Vogel, and Mr. Young as independent managers to the board of managers of each Subsidiary and (b) established the special committees comprised of Mr. Vogel, Mr. Piper, and Mr. Young (the "Subsidiary Special Committees");

WHEREAS, pursuant to the *Omnibus Written Consent of the Board of Directors, Board of Managers, Sole Manager, Sole Member, or Sole Shareholder, As Applicable, of Each of the Entities Listed on Schedule I Hereto* dated June 25, 2026 (the "June Consent," and together with the November Consent, the December Consent, and the March Consents, the "Special Committee Resolutions"), the Authorizing Body of each of the entities listed on Schedule V attached thereto, in an exercise of its business judgment, (a) appointed Mr. Vogel, Mr. Piper, and Mr. Young to serve as independent director or manager, as applicable, to the board of directors or the board of managers, as applicable, of each Company listed on Schedule V attached thereto and (b) established the special committees comprised of Mr. Vogel, Mr. Piper, and Mr. Young (the "June Subsidiary Special Committees," and together with the RNDC Special Committee and the Subsidiary Special Committees, the "Special Committees");

WHEREAS, pursuant to the June Consent, the Authorizing Bodies of each Company listed on Schedule VI attached thereto, in an exercise of its business judgment, (a) appointed Jill Frizzley to serve as independent director or manager, as applicable, to the board of directors or board of managers, as applicable, of each Company listed on Schedule VI attached thereto and (b) established an additional special committee of an independent director, consisting of Jill Frizzley (the "Additional Special Committee"), and delegated to the Additional Special Committee the exclusive authority to (i) review and investigate any matter related to the Covered Actions (as defined in the June Consent), and (ii) release or settle potential claims or causes of actions of each Company listed on Schedule VI attached thereto or its subsidiaries, if any, against the Related Parties (as defined in the June Consent) solely with respect to the Covered Actions;

WHEREAS, pursuant to the Special Committee Resolutions, each Company delegated to its respective Special Committee (a) the authority to investigate and determine, in the Special Committee's business judgment, whether any matter constitutes a Conflicts Matter (as defined in the Special Committee Resolutions) and (b) the exclusive authority to review, discuss, consider, negotiate, approve, authorize and act upon any Conflicts Matters;

WHEREAS, the Special Committees have had the opportunity to consult with the financial and legal advisors of the Companies and review the chapter 11 preparation materials provided by the financial and legal advisors and, to the extent of any Conflicts Matter (as defined in the Special Committee Resolutions), the Special Committees recommend the adoption of this Consent and that the Companies take the actions set forth herein; and

WHEREAS, each Authorizing Body has reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors, and has had adequate opportunity to consult with such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Companies.

NOW, THEREFORE, IT IS HEREBY RESOLVED, that, pursuant to the Governing Documents, each Authorizing Body has determined, in its business judgment, that the following resolutions are advisable and in the best interest of the Companies and hereby adopt the following resolutions:

2

1. **CHAPTER 11 FILING**

    **RESOLVED**, that in the business judgment of each Authorizing Body, it is desirable and maximizes the value of each Company for the benefit of all stakeholders, for each Company to file or cause to be filed the Bankruptcy Petitions under the Bankruptcy Code in the Bankruptcy Court, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

    **FURTHER RESOLVED**, that in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions; and

    **FURTHER RESOLVED**, that the duly appointed and proper officers of each Company or any other person authorized by such officers (each, an "Authorized Officer," and collectively, the "Authorized Officers"), with the power of delegation, is hereby authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each Company and/or any persons to whom such Authorized Officers delegate certain responsibilities, be, and hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operations of each Company's business.

2. **DEBTOR-IN-POSSESSION    FINANCING,    CASH    COLLATERAL,    AND ADEQUATE PROTECTION OBLIGATIONS**

    **WHEREAS**, each of the Companies are party to that certain Third Amended and Restated Credit Agreement dated as of November 1, 2022 (as amended, restated, supplemented or otherwise modified from time to time, the "Bank Facility Credit Agreement"), by and among RNDC and certain of its subsidiaries, as borrowers, the guarantors from time to time party thereto, the lenders from time to time party thereto, and Wells Fargo Bank, National Association as administrative agent;

    **WHEREAS**, each of the Companies are parties to that certain Subordinated Credit Agreement dated as of December 19, 2024 (as amended, restated, supplemented or otherwise modified from time to time, the "Second Lien Agreement"), by and among RNDC and certain of its subsidiaries, as borrowers, the guarantors from time to time party thereto, and National Distributing Company, Inc., as subordinated creditor;

    **WHEREAS**, certain of the Companies are party to various equipment loan agreements (collectively, the "Equipment Loan Agreements," and, together with the Bank Facility Credit Agreement and the Second Lien Credit Agreement, the "Prepetition Credit Agreements"), as borrower or lessee, as applicable, in relation to the equipment subject thereto, with certain banks and financing counterparties;

3

**WHEREAS**, reference is made to that certain senior secured asset-based debtor-in-possession credit agreement (together with all exhibits, schedules, and annexes thereto, as amended, restated, amended and restated, supplemented or otherwise modified in writing from time to time, the "DIP Credit Agreement") dated as of, or about, the date hereof, that sets forth the terms and conditions of the debtor-in-possession financing to be provided to the Companies by the lenders listed therein; and

**WHEREAS**, each Authorizing Body has considered presentations by the Companies' management and advisors of the Companies regarding the liabilities and liquidity situation of the Companies and their affiliates and subsidiaries, the strategic alternatives available to them, and the effect of the foregoing on the Companies' business and has determined, in the business judgment of each Authorizing Body and based on the recommendation from the Companies' management and advisors, that the following resolutions maximize value of the Companies for the benefit of all stakeholders.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that in the business judgment of each Authorizing Body, it is desirable and maximizes the value of each Company for the benefit of all of their stakeholders, to obtain the benefits from (a) the incurrence of debtor-in-possession financing obligations by delivering, entering into, and performing under the DIP Credit Agreement (the "DIP Financing") and (b) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the secured parties under the Prepetition Credit Agreements (such holders, collectively, the "Prepetition Secured Parties");

**FURTHER RESOLVED**, that for each Company to use and benefit from (a) the DIP Financing and (b) the Cash Collateral, and in accordance with sections 105, 361, 362, 363, 364(c), 364(d), 364(e), 503, and 507 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Prepetition Secured Parties (collectively, the "Adequate Protection Obligations"), as documented in proposed interim and final orders (collectively, the "DIP Orders") to be submitted to the Bankruptcy Court for approval;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Orders to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Officers of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Orders, the DIP Credit Agreement, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Orders, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Companies, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

4

**FURTHER RESOLVED**, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur the Adequate Protection Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents, including entering into fee letters with the applicable DIP Agent and paying the fees and expenses of the DIP Lenders (collectively, the "DIP Transactions"), and including granting liens on its assets to secure claims that constitute Adequate Protection Obligations;

**FURTHER RESOLVED**, that each of the Authorized Officers of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents; (b) such other instruments, certificates, notices, assignments, agent fee letters, and documents as may be reasonably requested by the agents; and (c) such forms of deposit, account control agreements, officer's certificates, compliance certificates, and any other documents as may be required by the DIP Documents;

**FURTHER RESOLVED,** that each of the Authorized Officers of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name each Company that the agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the agents may reasonably request to perfect the security interests of the agents under the DIP Orders or any of the other DIP Documents; and

**FURTHER RESOLVED**, that each of the Authorized Officers of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, to arrange for, negotiate, and enter into supplemental agreements, amendments, instruments, certificates, consents, or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, consents, or documents in the name and on behalf of each Company, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of each Company's obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

5

3. **RETENTION OF PROFESSIONALS**

**RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized, empowered, and directed to employ on behalf of each Company: (a) Kirkland & Ellis LLP and Kirkland & Ellis International LLP as bankruptcy counsel; (b) Porter Hedges LLP as co-bankruptcy counsel; (c) Lazard Frères & Co. LLC as investment banker; (d) AlixPartners, LLP as financial advisor; (e) Omni Agent Solutions, LLC as claims and noticing agent; (f) PwC US Tax LLP as tax advisor; and (g) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Officer deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and

**FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary.

4. **GENERAL**

**WHEREAS**, pursuant to the Governing Documents of each Company or the applicable laws of each jurisdiction in which each Company is organized or incorporated, as applicable, the Authorizing Body of each Company may act by unanimous written consent in lieu of a meeting of the Authorizing Body;

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates), be, and each of them hereby is, authorized, empowered, and directed to take, from time to time in the name of and on behalf of each Company, such actions and execute and deliver all agreements approved in this Consent and other such agreements, certificates, instruments, notices, and documents, including amendments thereto, as may be required from time to time or as the Authorized Officers may deem necessary, advisable, or proper in order to carry out and perform each Company's obligations under the foregoing resolutions or any other agreements, certificates, instruments, notices, or documents, executed pursuant to or in connection with the consents contemplated thereby; all such agreements, certificates, instruments, notices, and documents to be executed and delivered in such form as any Authorized Officer executing the same shall approve, the execution and delivery thereof by such Authorized Officer to be conclusive evidence of the approval and ratification thereof by such Authorized Officer;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and to perform such further actions and execute such further documentation that the Authorized Officers in their absolute discretion deem necessary,

6

proper, appropriate, or desirable in connection with chapter 11 cases of each Company and in accordance with the foregoing resolutions;

**FURTHER RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company to take or cause to be taken any such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, retainers, and fees, including but not limited to filing fees, in each case as in such Authorized Officer's absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that each Authorizing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents, as applicable, of each Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions, agreements, or certificates previously signed or otherwise entered into on behalf of the Companies by any Authorized Officer or by any employees or agents of the Companies in connection with or in furtherance of the foregoing resolutions be, and they hereby are, in all respects adopted, approved, ratified, and confirmed as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Company;

**FURTHER RESOLVED**, that any Authorized Officer (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as each Company itself may lawfully do, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**FURTHER RESOLVED**, that the actions taken by this consent shall have the same force and effect as if taken at a meeting of the Authorizing Bodies duly called and constituted pursuant to the Governing Documents and the applicable laws of each jurisdiction in which each Company is organized or incorporated, as applicable; and

**FURTHER RESOLVED**, that this consent may be executed in any number of counterparts and by electronically transmitted signature, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

\*\*\*\*\*

7

**IN WITNESS WHEREOF,** the undersigned, the undersigned have executed this written consent as of the date first written above.

<u>**Sole Managing Member Of:**</u>
K&L Beverage Company, LLC
RNDC Shared Services, LLC
Young's Market Company of Oregon, LLC
Young's Market Company of Washington, LLC

By: **Young's Market Company, LLC**,
      a Delaware limited liability company

By:_____
Name:  Dennis M. Bashuk
Title:  Executive Vice President & Treasurer

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first written above.

<u>**Managers Of:**</u>

Republic National Distributing Company, LLC (Delaware)

By: _____

Name:  Marc Sachs


By: _____

Name:  H. Jerome Rosenberg

By: _____

Name:  Richard Davis

By: _____

Name:  Chris Carlos

By: _____

Name:  John Carlos

By: _____

Name:  Stephanie Block

By: _____

Name:  Scott Vogel

By: _____

Name:  Charlie Piper

By: _____

Name:  John T. Young, Jr.

By: _____

Name:  Jill Frizzley

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first written above.

<u>**Managers Of:**</u>
Republic National Distributing Company, LLC (Delaware)

By:_____
Name:  Marc Sachs

By:_____
Name:  H. Jerome Rosenberg

By:_____
Name:  Richard Davis

By:_____
Name:  Chris Carlos

By:_____
Name:  John Carlos

By:_____
Name:  Stephanie Block

By:_____
Name:  Scott Vogel

By:_____
Name:  Charlie Piper

By:_____
Name:  John T. Young, Jr.

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first written above.

**Managers Of:**
Republic National Distributing Company Michigan Holdings, LLC
Republic National Distributing Company, LLC (Nebraska)
RNDC Indiana Holdings, LLC
RNDC New Hampshire, LLC

By:  **Republic National Distributing Company, LLC**,
     a Delaware limited liability company

By: _____
Name:  Dennis M. Bashuk
Title:  Executive Vice President & Treasurer

By: _____
Name:  Scott Vogel

By: _____
Name:  Charlie Piper

By: _____
Name:  John T. Young, Jr.

By: _____
Name:  Jill Frizzley

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first written above.

<u>Managers Of:</u>
Young's Market Company of Arizona, LLC
Young's Market Company, LLC

By: **Republic National Distributing Company, LLC**,
a Delaware limited liability company

By: _____
Name:  Dennis M. Bashuk
Title:  Executive Vice President & Treasurer

By: _____
Name:  Scott Vogel

By: _____
Name:  Charlie Piper

By: _____
Name:  John T. Young, Jr.

By: _____
Name:  Jill Frizzley

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first written above.

<u>**Managers Of:**</u>
8201 Associates, LLC

By: _____
Name:  Jay Davis

By: _____
Name:  John Carlos

By: _____
Name:  Scott Vogel

By: _____
Name:  Charlie Piper

By: _____
Name:  John T. Young, Jr.

By: _____
Name:  Jill Frizzley

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first written above.

**Directors Of:**

Republic National Distributing Company of North Dakota, Inc.

By: _____

Name:  Stephanie Block

By: _____

Name:  Marc Sachs

By: _____

Name:  Scott Vogel

By: _____

Name:  Charlie Piper

By: _____

Name:  John T. Young, Jr.

By: _____

Name:  Jill Frizzley

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first written above.

<u>**Managers Of:**</u>
RNDC Arkansas, LLC

By: _____
Name:  Dennis M. Bashuk

By: _____
Name:  H. Alan Rosenberg

By: _____
Name:  Scott Vogel

By: _____
Name:  Charlie Piper

By: _____
Name:  John T. Young, Jr.

By: _____
Name:  Jill Frizzley

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first written above.

**<u>Directors Of:</u>**
RNDC Receivables, LLC

By: _____
Name:  Dennis M. Bashuk

By: _____
Name:  Marc Sachs

By: _____
Name:  Scott Vogel

By: _____
Name:  Charlie Piper

By: _____
Name:  John T. Young, Jr.

By: _____
Name:  Jill Frizzley

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first written above.

<u>**Sole Member of:**</u>
RNDC Receivables, LLC

By:  **Republic National Distributing Company, LLC**,
    a Delaware limited liability company

Signed by:

By:_____
        90BA3877FE654C3...
Name:  Dennis M. Bashuk
Title:  Executive Vice President & Treasurer

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first written above.

**Managers Of:**
RNDC Texas, LLC

By:_____
Name:  Marc Sachs

By:_____
Name:  H. Jerome Rosenberg

By:_____
Name:  Chris Carlos

By:_____
Name:  John Carlos

By:_____
Name:  Stephanie Block

By:_____
Name:  Scott Vogel

By:_____
Name:  Charlie Piper

By:_____
Name:  John T. Young, Jr.

By:_____
Name:  Jill Frizzley

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first written above.

**<u>Managers Of:</u>**
Republic National Distributing Company, LLC (Delaware)


By:_____
Name:  Marc Sachs


By: _Jerry Rosenberg_____
Name:  H. Jerome Rosenberg


By:_____
Name:  Richard Davis


By:_____
Name:  Chris Carlos


By:_____
Name:  John Carlos


By:_____
Name:  Stephanie Block


By:_____
Name:  Scott Vogel


By:_____
Name:  Charlie Piper


By:_____
Name:  John T. Young, Jr.

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first written above.

**<u>Directors Of:</u>**
WSJV Holdings, Inc.

By:_____
Name:  Josh Zeller

By:_____
Name:  Tammy Curtis

By:_____
Name:  Dennis M. Bashuk

By:_____
Name:  Scott Vogel

By:_____
Name:  Charlie Piper

By:_____
Name:  John T. Young, Jr.

By:_____
Name:  Jill Frizzley

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first written above.

**<u>Managers Of:</u>**
RNDC Alaska, LLC

By: _Tammy Curtis_
Name:  Tammy Curtis

By: _Marc Sachs_
Name:  Marc Sachs

By: _Bryan Boeck_
Name:  Bryan Boeck

*[Signature Page to Omnibus Written Consent – Board Filing Resolutions]*

## Schedule I

| Entity | Jurisdiction of Formation |
|---|---|
| Republic National Distributing Company, LLC | Delaware |
| 8201 Associates, LLC | Maryland |
| K&L Beverage Company, LLC | Delaware |
| Republic National Distributing Company of North Dakota, Inc. | North Dakota |
| Republic National Distributing Company, LLC | Nebraska |
| Republic National Distributing Company Michigan Holdings, LLC | Michigan |
| RNDC Arkansas, LLC | Arkansas |
| RNDC Alaska, LLC | Alaska |
| RNDC Indiana Holdings, LLC | Indiana |
| RNDC New Hampshire, LLC | New Hampshire |
| RNDC Receivables, LLC | Delaware |
| RNDC Shared Services, LLC | Delaware |
| RNDC Texas, LLC | Texas |
| WSJV Holdings, Inc. | Delaware |
| Young's Market Company of Arizona, LLC | Arizona |
| Young's Market Company of Oregon, LLC | Oregon |
| Young's Market Company of Washington, LLC | Oregon |
| Young's Market Company, LLC | Delaware |